Upon the trial at Chowan, on the last circuit, before his Honor, JudgeBailey, the plaintiff made out a prima facie case by showing that the slaves in question were in his possession, and that they were taken therefrom by the order of the defendant. For the defendant it was then proved that the slaves had formerly been the property of Jonathan H. Haughton; that on 7 July, 1837, Haughton duly conveyed them by a deed in truth to Robert R. Heath, who as trustee, conveyed them on the 12th day of September following, to the plaintiff; that at February term of 1837, of Chowan County Court, one Josiah Coffield obtained a judgment against the said Haughton for $1,000, upon which an execution of fi. fa. issued tested of that term, and returnable to the ensuing term of May of said court, under which the sheriff levied on the slaves in question, and returned the levy endorsed on the execution. From the said May term an execution ofvenditioni exponas issued, reciting the aforesaid levy, which was returned to the ensuing term in August and was satisfied on the second day of that term without a sale of the slaves. At the same August term a judgment was obtained against the said Haughton, at the instance of one James Coffield, for $1,100, upon which a fi. fa. issued tested of the first day of that term and returnable to the November term following, and upon which the sheriff returned "nothing to be found." From that term, to wit: November term, 1837, an alias fi. fa. issued upon the judgment last named, tested of that term, under which the sheriff levied upon the slaves in controversy, and sold them at public sale, when the defendant became the purchaser at the sum of $500. It was in evidence that when the sheriff levied upon the said slaves under the first mentioned execution, to wit; that at the instance of Josiah Coffield, he left them in the possession of Haughton, where they remained until they were produced at the sale made by the trustee Heath, the sheriff having never had actual possession under that execution.
His Honor charged the jury that upon this statement of facts, (295) if believed, the plaintiff was entitled to recover. A verdict was returned for the plaintiff and the defendant appealed. No counsel appeared for the defendant in this court. *Page 234 
The objections taken to the plaintiff's recovery are that at the time of Haughton's conveyance his title had been divested by the levy of the execution, or had been turned into a mere right, and therefore inalienable by an adverse possession in the sheriff.
It might be adduced as an answer that in point of fact there was not an adverse possession. It actually remained with Haughton up to the execution of the deed by him, and indeed, until the sale and delivery to the plaintiff. To many purposes the possession of Haughton may be that of the sheriff; yet it could not be so in the sense of being adverse to Haughton himself, and of turning any right he had in the slave into a chose in action. That cannot happen except when the right is in one person and the possession is actually and exclusively in some other. If Haughton had any right in the slave it was in this case a right in possession, subject nevertheless to the lien of the execution.
But the court does not sustain the judgment by confining the opinion to that point. We think the objection is throughout fallacious. The principles on which it is founded seem to us to be misapprehended and misapplied. If the possession had not been left with Haughton, but had been taken and kept by the sheriff personally, yet, in our judgment the right of the defendant in execution would not have been absolutely divested, but an interest would have been left in him capable of being sold and legally conveyed.
It is true that it is said when a sheriff seizes goods the property is changed. A seizure to the value of the debt prima facie satisfies it and discharges the debtor; and therefore the defendant loses the property and it vests in the sheriff. But if the sheriff seizes less than the value, the debt on the one hand is not paid, and if he seizes more than the (296) value the property, on the other hand, does not belong absolutely to the sheriff. The general proposition, then, that the property in goods taken in execution is in the sheriff must be understood with qualifications. The law gives him the property to enable him to raise the money he is commanded to make; and the property is given as far as it is necessary for that purpose, but no farther. As far as it is vested in the sheriff it is divested out of the defendant, but of course no farther. This interest in the sheriff is called the special property; that is to say, such a right and possession as is deemed necessary to the special purpose of satisfying the execution debt; which enables the sheriff to make a sale of it, to defend his possession and to bring an action against one who disturbs his possession before the execution has been satisfied. But it results from the very terms "special property," that, subject to the raising of the debt, the general property is in the former owner. Every case *Page 235 
of bailment gives rise to a similar division of property, if the expression may be allowed. In reference to the particular case under consideration this general ownership and its nature as a present value interest will be plainly established by recurring to a few legal positions, which are undeniable. Upon payment of the debt to the sheriff the general unqualified property is ipso facto in the defendant; and the sheriff loses his property without having made a sale, and without any farther or other act by him and even against his will. Again, if the sheriff make a sale for a larger sum than is due on the execution, the excess belongs to the debtor and may be recovered in an action for money had and received. The reason is because it is the proceeds of the sale of the defendant's property. The interest of the sheriff is therefore limited by the purpose for which it was created, which is the creditor's satisfaction. Beyond that the sheriff holds for the original owner, whose interest is, therefore, obviously a valuable present property, the subject of sale and conveyance, but liable in the hands of the assignee, as it was in those of the assignor, to be defeated by a sale of the chattels, if the debt be not otherwise discharged.
The judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Alexander v. Springs, 27 N.C. 479; Murchison v. White, 30 N.C. 54.
(297)